IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIZABETH STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-1297-C |
| ) | |
| STATE OF OKLAHOMA EX REL., ) | |
| OKLAHOMA OFFICE OF ) | |
| JUVENILE AFFAIRS, and ) | |
| GENE CHRISTIAN, individually as ) | |
| former Executive Director of the ) | |
| Oklahoma Office of Juvenile Affairs, ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF DEFENDANT GENE CHRISTIAN
TO PLAINTIFF'S AMENDED COMPLAINT**

TO THE HONORABLE ROBIN CAUTHRON:

Defendant, Gene Christian, former Executive Director of the Defendant, Oklahoma Office of Juvenile Affairs, submits the following Answer to Plaintiff's Amended Complaint:

**I.**

**Defendant's Answer to Plaintiff's Amended Complaint**

Defendant denies all the facts and conclusions of law contained in Plaintiff's Amended Complaint unless specifically admitted herein. F.R.C.P. Rule 8(b).

**A.   Plaintiff's Amended Complaint-Parties**

1. Christian admits Stewart is an adult female living in Oklahoma County, Oklahoma.

2. Christian admits the Oklahoma Office of Juvenile Affairs is an agency of the

      State of Oklahoma.

3. Christian admits he was formerly employed as OOJA's Executive Director.

**B.  Plaintiff's Amended Complaint-Jurisdiction and Venue**

4. Stewart sues pursuant to Title 42 U.S.C. §1981, §1983, and §2000e *et seq* (Title VII) as well as the Oklahoma Labor Code Okl. Stat. tit 40 §172 and common law. Christian states while under certain circumstances a cause of action may be stated under these statutes and laws, Christian denies such facts exist in this case.

5. Christian admits suit pursuant to federal statutes gives rise to federal jurisdiction under Title 28 U.S.C. A. §1331 but denies the facts of this case support a federal claim.

6. Christian admits venue is proper in the Western District of Oklahoma.

7. Christian denies Stewart has exhausted her administrative remedies or done so in a timely manner.

**C.  Plaintiff's Amended Complaint-Statement of Fact**

8. Christian admits Stewart is African American and began working at OOJA in 2004.

9. Christian admits Stewart was employed as Director of the Institutional Services Division but denies the remaining allegations in this paragraph.

10. Christian admits Stewart had responsibility over the juvenile institutions in the

      State of Oklahoma and that she reported to Gene Bolin, the Chief of Staff and Gene Christian, the Executive Director.

11. Christian admits Stewart received satisfactory evaluations but denies the remaining allegations in this paragraph.

12. Christian denies the allegations contained in this paragraph.

13. Christian denies the allegations contained in this paragraph.

14. Christian denies the allegations contained in this paragraph.

15. Christian denies the allegations contained in this paragraph.

16. Christian denies the allegations contained in this paragraph.

17. Christian denies the allegations contained in this paragraph.

18. Christian admits Stewart resigned in November, 2011 but denies the remaining allegations in this paragraph.

19. Christian admits Stewart was an at will employee but denies the remaining allegations contained in this paragraph.

20. Christian admits Stewart resigned in November, 2011 but denies the remaining allegations in this paragraph.

21. Christian admits Stewart resigned following a number of major disturbances and incidents within the Oklahoma Office of Juvenile Affairs institutions of which Stewart had responsibility, but, denies the remaining allegations in this paragraph.

22. Christian denies the allegations contained in this paragraph.

23. Christian denies the allegations contained in this paragraph.

24. Christian denies the allegations contained in this paragraph.

**D.    Plaintiff's Amended Complaint-Count I-Title VII: Race Discrimination**

25-27. Christian denies the allegations, conclusions, and claims in paragraphs 25-27.

**E.    Plaintiff's Amended Complaint-Count II-42 U.S.C.A §1981 Race Discrimination and Retaliation**

28-31. Christian denies the allegations, conclusions, and claims in paragraphs 28-31.

**F.    Plaintiff's Amended Complaint-Count III-Title VII: Gender Discrimination**

32-34. Christian denies the allegations, conclusions, and claims in paragraphs 32-34.

**G.    Plaintiff's Amended Complaint-Count IV-Fourteenth Amendment Equal Protection**

35-39. Christian denies the allegations, conclusions, and claims in paragraphs 35-39.

**H.    Plaintiff's Amended Complaint V-Fourteenth Amendment Due Process**

40-44.  Christian denies the allegations, conclusions, and claims in paragraphs 40-44.

**I.    Plaintiff's Amended Complaint VI- Negligent Supervision, Training and Retention**

45-51. Christian denies the allegations, conclusions, and claims in paragraphs 45-51.

**J.    Plaintiff's Amended Complaint VII- Intentional Infliction of Emotional**

**Distress**

52-54. Christian denies the allegations, conclusions, and claims in paragraphs 52-54.

**K.     Plaintiff's Amended Complaint VIII- Defamation**

55-57. Christian denies the allegations, conclusions, and claims in paragraphs 55-57.

**L.     Plaintiff's Amended Complaint IX-Blacklisting**

58-60. Christian denies the allegations, conclusions, and claims in paragraphs 58-60.

**II.**

**Defendant's Affirmative Defenses**

Christian denies he discriminated or retaliated against Stewart. Christian denies he negligently or intentionally injured Stewart. Christian asserts any actions taken in connection with Stewart were free of discriminatory intent and would have been taken regardless of any discriminatory intent. Christian asserts no challenged action or practice of which Stewart complains was caused by or resulted from illegal discrimination and that all such actions were job related and reasonably related to governmental operations. OOJA had in place policies and procedures prohibiting discrimination and retaliation and he took prompt remedial response to complaints of discrimination or retaliation. Christian denies he is subject to vicarious liability.

Christian acted at all times in good faith with respect to Stewart and with the consent of Stewart. Christian asserts his qualified immunity. OOJA and Christian, in his official capacity, are entitled to Eleventh Amendment immunity. *Edelman v. Jordan*, 94 S.Ct. 1347,

1355-56 (1974); *Alden v. Maine*, 119 S.Ct. 2240, 2254 (1999); *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 113 S.Ct. 684, 687-88 (1993); *Welch v. Texas Department of Highways and Public Transp.*, 107 S.Ct. 2941, 2946 (1987); *Pennhurst State School & Hosp. v. Halderman*, 104 S.Ct. 900, 907 (1984). Christian asserts he is entitled to sovereign immunity. Okla.Stat. tit 51 § 152.1; *Fehring v. State Insurance Fund,* 19 P.3d 276, 283 Okl. 2001); *Tanique, Inc. v. State ex rel. Oklahoma Bureau of Narcotics and Dangerous Drugs* 99 P.3d 1209, 1213 -1214 (Okla. Civ. App. Div. 2, 2004).

Christian asserts Stewart failed to mitigate her damages and he is entitled to all statutory damage limitations including exemplary damage limitations. Christian denies Stewart is entitled to any damages including compensatory damages, punitive damages, equitable relief, costs, interests or attorney fees.

## III.

### Defendant's Jury Demand

Christian requests a jury trial.

## IV.

### Conclusion

Defendant asserts this case should be dismissed, Plaintiff take nothing as to all elements, and Defendant be awarded fees and costs and such other relief as it is justly entitled.

                Respectfully submitted,

                **s/Susan Werner**
                **SUSAN WERNER, OBA #9482**
                **ASSISTANT ATTORNEY GENERAL**
                Office of Attorney General
                Litigation Section
                313 N.E. 21st Street
                Oklahoma City, Oklahoma  73105
                Tele: (405) 521-4274   Fax: (405) 521-4518
                Susan.Werner@oag.ok.gov
                *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jana B. Leonard
Shannon C. Haupt
Leonard & Associates, P.L.L.C.
8265 S. Walker
Oklahoma City, OK 73139
leonardjb@leonardlaw.net
haupts@leonardlaw.net

*Attorneys for Plaintiff*

                s/Susan Werner
                SUSAN WERNER