# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELizABETH STEWART,                )<br>                                                     )<br>               Plaintiff,              )<br>v.                                             )     **Case No.** CIV-12-1297-C<br>                                             )<br>STATE OF OKLAHOMA EX REL.,  )<br>OKLAHOMA OFFICE OF            )<br>JUVENILE AFFAIRS, et al.,          )<br>                                             )<br>               Defendants.           ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' SUMMARY JUDGMENT MOTION

TO THE HONORABLE ROBIN CAUTHRON:

Defendants, the Oklahoma Office of Juvenile Affairs and Gene Christian, former OJA Director submit the following Reply to Plaintiff's Response to their Summary Judgment Motion:

**I.      Stewart's Response fails to establish a *prima facie* case of discrimination.**

The *McDonnell Douglas* burden shifting framework balances the interests of employee, employer, and consumer in efficient and trustworthy workmanship assured through non-discriminatory employment decisions. McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817, 1823 (1973).  The system was designed to sharpen the inquiry into the elusive question of intentional discrimination while eliminating [from litigation] the common non-discriminatory reasons for an employer's actions. St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2746 (1993); Texas Dept. of Community Affairs v. Burdine, 101 S.Ct. 1089,

1094 (1981).  The *McDonnell Douglas* framework establishes presumptions necessary to shift the evidentiary burden among the employee and employer.  [Reeves v. Sanderson Plumbing Products, Inc.](), 120 S.Ct. 2097, 2106 (2000).  An employee at the first stage has the burden of showing a *prima facie* case of discrimination by raising an inference the adverse action was more likely than not based on impermissible factors.  *Burdine* at 1094.  If a *prima facie* case is established, discrimination is presumed and a duty imposed on the employer to come forward with evidence explaining away the presumption.  *Reeves* at 2746.

Stewart claims she has met her *prima facie* burden because she is a member of a protected group, she is qualified for the position of Director of Institutions and she was terminated thereby inferring discrimination.  But, while an employees protected status and the adverse action demonstrate may raise an inference discriminatory conduct, it may also raise an inference of non-discriminatory conduct.  An employee relying on such limited evidence,  therefore, fails to show discriminatory conduct was more likely than not.  Without that showing, albeit incremental,  a presumption of discrimination is not triggered.  To infer discrimination where a qualified protected class member was subjected to an adverse action, without more, in effect eliminates the employee's initial burden.  All adverse actions against qualified protected class members are not: suspect of discrimination, more likely than not discriminatory, and are not presumed discriminatory.  Something more than qualified protected class status and adverse action is required to create the presumption necessary to shift the burden and impose an explanation on the employer.  Many circuits require a *prima*

...

*facie* showing of disparate treatment among similarly situated individuals, some circuits even require the treatment be under nearly identical circumstances. Aly v. Mohegan Council, Boy Scouts of America, 711 F.3d 34, 46 (1st Cir. 2013) (similarly situated in all aspects); Atkins v. Holder, 2013 WL 2996448 at *2 (4th Cir.) (similarly situated employees treated more favorably); Giles v. City of Dallas, 2013 WL 4779690 at *4 (5th Cir.) (prima facie case under *McDonnell Douglas* includes element employee treated less favorably than similarly situated individuals in same division); Chattman v. Toho Tenax America, Inc., 686 F.3d 339, 347 (6th Cir. 2012) (treated differently from similarly situated individuals in all relevant aspects); Perez v. Thorntons, Inc., 731 F.3d 699, 704 (7th Cir. 2013) (similarly situated in all material respects); Peters v. HealthSouth of Dothan, Inc., 2013 WL 5567734 at *4 (11th Cir.). Other circuits require, at the least, an examination of circumstances surrounding the adverse action. White v. Planned Sec. Services, 480 Fed. Appx. 115, 118 (3rd Cir. 2012); Luster v. Vilsack, 667 F.3d 1089, 1095 (10th Cir. 2011) (disparate treatment includes element the adverse action occurred under circumstances giving rise to inference of discrimination and may include evidence similarly situated employees treated more favorably).

In this case, Stewart's *prima facie* case fails because she has not addressed the circumstances surrounding her termination necessary to transfer her burden to Defendants. Defendants have addressed the surrounding circumstances with a control group, in the form of Moriarty, a white male, who was terminated at the same time for the same reasons by the same person eviscerating any inference of discriminatory motive.

**II.     Stewart's Response does not demonstrate Defendants' explanation of her termination was a pretext for discriminatory intent.**

Assuming Stewart has made her *prima facie* case, she next claims the Defendants' decision was a pretext for discrimination because Defendants' explanation is weak and implausible. The Defendants explanation is Stewart was responsible for the Institutions including the one where three escalating incidents of violence occurred at the time the agency wanted to conclude a consent decree.

The question of pretext is relatively narrow. The Court does not ask whether the employer's decision was wise, fair, impulsive, irrational or correct so long as the protected classification does not motivate the decision. Foreman v. Western Freightways, LLC, 2013 WL 3975162 at *6 (D. Colo.). To support an inference of pretext an employee must show the employer did more than get it wrong. *Johnson v. Weld County, Colo*, 594 F. 3d 1202 1211 (10th Cir. 2010). In determining pretext the court can look to similarly situated individuals. Lobato v. New Mexico Environment Dept., 733 F.3d 1283, 1292 (10th Cir. 2013); Debord v. Mercy Health System of Kansas, Inc., 2013 WL 6170983 at *12 (10th Cir.).

In this case, Stewart does not deny three escalating incidents occurred in a short time and while the agency was seeking to concluded federal litigation. She stated:

Question:   Do you believe there was a problem with the three incidents that happened at COJC- - the riot, the escape, and the assault?

Stewart:     Yes.

(Defendants Motion for Summary Judgment Exhibit 1 pg. 20 [Deposition pg. 30]).

> Question: Do you believe that, as a result of that litigation, that there was a spotlight on Mr. Christian?
>
> Stewart: Yes, I believe the spotlight was on Mr. Christian as well as my supervisor.

(Defendants' Motion for Summary Judgment Exhibit 1 pg. 47 [Deposition pg. 78]).

Stewart has not demonstrated the timing of the incidents or the incidents were orchestrated as a pretext to terminate her. Indeed she herself acknowledged the reason for the termination in her deposition:

> Question: So at the time you were terminated from the agency in November of 2011 did you know the reason that you were terminated?
>
> Stewart: Nobody ever gave me a reason.
>
> Question: And did you formulate a reason in your mind?
>
> Stewart: Yes.
>
> Question: When?
>
> Stewart: After he did it, after he gave me my options.
>
> Question: Then, early in October then?
>
> Stewart: Yes.
>
> Question: <u>And what did you believe the reason was?</u>
>
> Stewart: <u>That he was receiving bad press from what had occurred and, you know, a way for him to take care of it and show that he was doing something is that would relieve me of my duty.</u>

(Defendants' Motion for Summary Judgment Exhibit 1 pgs. 36-37 [Deposition pg. 58]).

Further, her claim that other such incidents happened in the past and all the time, along with any accompanying bad press, but that she was not fired dispels her claim of discrimination, because all the incidents happened *under her watch* as division director for the last 7 years.  Nor does her placing blame on the DOJ use of force restrictions, gangs, or the consolidation decision demonstrate a pretext to terminate her.  Those factors were not contrived to target Stewart's race or gender.  Stewart's demand that Christian and Bolin, her supervisors share responsibility and should be fired, is inconsistent with her concurrent claim that she, who is below them in the chain of command, with direct oversight of the institutions, is not responsible.  The fact remains undisputed while Christian and Bolin may have shared in her responsibility they also had responsibility over the rest of the agency, not just the institutions and it was the Institutions Division that was experiencing problems.  Defendants need not show the failure of the system she oversaw was caused by her; Stewart is an at will employee as such she is subject to termination without cause.

Finally, Stewart's evidence relating to other employees is irrelevant to demonstrate pretext in the decision to terminate her.  The Tenth Circuit along with the majority of circuits has stated pattern and practice proof is not appropriate for individual disparate treatment claims.  Semsroth v. City of Wichita, 304 Fed. Appx. 707, 716 (10th Cir.  2008).  It is inappropriate because an individual claim of discrimination requires proof of intentional discrimination through the *McDonnell Douglas* burden shifting paradigm; whereas, pattern and practice claims are focused on a policy of discrimination not suitable to proof of

individual discrimination.  *Id*.  Relevance of other incidents is considered in context of the case and factors including closeness in relation to plaintiff's circumstances.  [Sprint/United Management Co. v. Mendelsohn](), 128 S.Ct. 1140, 1147 (2008).

In this case, Stewart did not include any of the other incidents by other individuals or an equal pay claim in her EEOC charge.  She did not participate in Laura Broyles equal pay claim.  Stewart acknowledged no other discrimination other than the termination and the Halloween story:

> Question: And I noticed in your EEOC complaint, let me give you a copy of that as Deposition Exhibit Number 2, that you did not include that comment by Linda McLennan in your particulars about the discrimination that you experienced at OJA.  Is that correct?
>
> Stewart: It's not written here.
>
> Question: Okay.  And you, in fact, didn't mark, in March of 2012, that retaliation for the comment, or any retaliation, was a consideration in your being relieved of duties at OJA: is that correct?
>
> Stewart: Correct.
>
> Question: And is the date of the discrimination correct, 11-30-11, the date – your last day, I guess, at OJA?
>
> Stewart: Yes.
>
> Question: <u>Was there any discrimination against you prior to that date that you didn't include in this complaint?</u>

Stewart: Yes.

Question: What?

Stewart: <u>The date he relieved me of my duty.</u>

Question: And I - - if I'm not mistaken, that was October 2nd or 3rd?

Stewart: Yes.

Question: <u>Anything other than that?</u>

Stewart: <u>I don't recall at this moment</u>.

(Defendants Motion for Summary Judgment Exhibit 1 pgs. 33-34 [Deposition pgs. 53-54]).

## CONCLUSION

In summary, Stewart has failed to establish an inference of discrimination at the *prima facie* stage of her case. Assuming Stewart's burden, Defendants have demonstrated employees outside the protected class were treated similarly. Additionally, Stewart's own affirmation of the Defendants reasons her termination, whether a correct or an incorrect business decision, dispel her theories of pretext. Defendants urge summary judgment be granted in their behalf on all claims.

Respectfully submitted,

s/Susan Werner
**SUSAN WERNER, OBA #9482**
ASSISTANT ATTORNEY GENERAL
Office of Attorney General
Litigation Section
313 N.E. 21st Street
Oklahoma City, Oklahoma  73105
Tele: (405) 522-2930   Fax: (405) 521-4518
Susan.Werner@oag.ok.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jana B. Leonard
Leonard & Associates, P.L.L.C.
8265 S. Walker
Oklahoma City, OK 73139
leonardjb@leonardlaw.net
*Attorneys for Plaintiff*

                                                s/Susan Werner
                                                SUSAN WERNER